UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-CR-20208-HUCK/O'SULLIVAN

UNITED STATES OF AMERICA,

        Plaintiff,

v.

GEORGE WASHINGTON FOWLER,

        Defendant.

_____/

**REPORT AND RECOMMENDATION**

On or about July 27, 2010, court-appointed defense counsel William A. Clay (hereinafter "counsel") submitted a voucher application numbered FLS 10 5413 with appended time sheets requesting $9,000.00 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act ("CJA"). Counsel represented Defendant George Washington Fowler ("defendant") for over four (4) months from his appointment on March 15, 2010 until July 21, 2010.

The $9,000.00 counsel seeks as compensation is below the $9,700.00 statutory maximum allowed for representation in non-capital felony cases under the CJA. United States District Court Judge Paul C. Huck entered an Order of Reference (DE# 23, 8/31/10) referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by counsel are appropriate. See 28 U.S.C. § 636(a); see also United States District Court for the Southern District of Florida Magistrate Judge Rules. The undersigned spoke to counsel and requested counsel to provide a memorandum explaining the charges contained in his voucher. On

September 24, 2010, counsel provided the undersigned with a detailed six-page memorandum.

### Criminal Justice Act and Guidelines for Administration of the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administration of the Criminal Justice Act (hereinafter "Guidelines") to assist courts in the application of the provisions of the CJA. See In re Burger, 498 U.S. 233, 234 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section 6.02(B) of the Guidelines.

The CJA at 18 U.S.C. § 3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. § 3006A(d)(5); United States v. Griggs, 240 F.3d 974 (11th Cir. 2001).

### DISCUSSION

### Voucher Amount - Administrator's Review

The Court's CJA administrator reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to the undersigned's review. Counsel seeks compensation for 2.9 in-court hours at the hourly rate of $125 per hour for a total

of $362.50. After verifying the in-court hours, the CJA administrator made no changes to either the total number of hours or the total amount of compensation sought.

The CJA administrator also reviewed the $8,387.50 counsel billed for 67.1 out-of-court hours. Counsel seeks compensation for 21.2 hours for "Interviews and Conferences," 16.7 hours for "Obtaining and reviewing records," 4.6 hours for "Legal research and brief writing" and 24.6 hours for "Travel time." The CJA administrator reduced the time counsel spent in "Interviews and Conferences" to 21.1 hours and reduced counsel's "Travel time" to 22.2 hours. As adjusted, the corrected total for out-of-court hours is $8,075.00 and the proper total for both in-court and out-of-court hours is $8,437.50 (a decrease of $312.50). Counsel also seeks $250.00 in "Travel Expenses." The CJA administrator reduced this amount to $248.

## In-Court Hours[1]

Counsel had four in-court appearances in this case on March 19, 2010, March 29, 2010, April 26, 2010 and July 7, 2010. Counsel seeks $362.50 for 2.9 in-court hours at a rate of $125.00 per hour for these appearances. The CJA Administrator made no corrections to this amount. The amount of time spent in Court appears to be reasonable. The undersigned concludes that an amount of $362.50 for in-court hours is reasonable.

## Out-of-Court Hours

After the CJA Administrator's reductions, counsel seeks $8,075.00 for 64.6 out-of-court hours billed at a rate of $125.00 per hour. In this case, the defendant was

---

[1] The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

3

charged with one count of re-entry after deportation. At first glance, 64.6 hours of out-of-court time appears to be an excessive amount of hours for a guilty plea in this type of case. The undersigned has reviewed all of the entries listed on the time sheets and the total time claimed for each of the task categories. The CJA administrator made two adjustments to the out-of-court hours listed in the voucher application. Specifically, the CJA administrator reduced the 21.2 hours counsel sought for "Interviews and Conferences" to 21.1 hours due to an entry on July 14, 2010 totaling one tenth (.1) of an hour which constituted clerical work. Additionally, the CJA administrator reduced the amount of hours sought for "Travel time" from 24.6 hours to 22.2 hours. The CJA administrator disallowed 2.4 hours in travel time for July 7, 2010. Defense counsel's assistant advised the CJA administrator that counsel had previously billed this amount on another CJA voucher.[2]  The undersigned finds that additional reductions to counsel's travel time are warranted because on some days counsel billed more than one hour in travel time to the Courthouse and to the federal detention center to visit the defendant. Counsel has not explained why travel from his office to these locations exceeded one hour. The undersigned has obtained directions to the Courthouse and the federal detention center from counsel's office using an internet-based mapping service and determined that the estimated travel time is approximately 22 minutes without traffic. Taking traffic into account, counsel's travel time should be reduced to 1 hour each way

---

[2] Counsel has stated that he only bills one CJA case for travel time when he visits multiple CJA clients.

for all travel time exceeding this amount.[3] The undersigned's review of the voucher application confirms that these charges (limited to one hour) are indeed appropriate. Accordingly, the undersigned recommends that the amount sought by counsel for travel time be reduced by $475.00 (totaling a 3.8 hour reduction), in addition to the reductions made by the CJA administrator.

The undersigned has reviewed each of the remaining entries listed in the voucher application and concludes that the vast majority of out-of-court hours spent by counsel are appropriate. The undersigned concludes, however, that a few of the time entries should be reduced. The "Supplemental Instructions for Completing CJA20 Vouchers" form (hereinafter "Supplemental Instructions") provided by the Court reinforces that the Guidelines: makes clear that "[t]elephone conferences in excess of one tenth (0.1) hour require notation of reason for duration, and parties to conversation identified." One of the telephone conferences listed in the voucher application is not sufficiently detailed to justify full compensation: 3/23/2010 "telephone conversation with ICE Agent Matt Parker" (0.2 hours). Counsel does not disclose the subject matter of this conversation. Accordingly, the undersigned recommends that counsel should be compensated only for 0.1 hours for this entry. Additionally, on March 29, 2010, counsel billed 0.2 for reviewing the indictment. The Supplemental Instructions also restrict the amount of compensation Counsel may seek for "[t]ime charges for receipt, review and diarying of pleadings (notices of hearings, depositions, filings, etc.)." The Supplemental Instructions provide that such time "shall not exceed one tenth (0.1) hour." Accordingly,

---

[3] In his memorandum to the Court, counsel agreed to adjust his travel time to one hour each way on March 18, 2010 and May 25, 2010.

the undersigned will reduce this amount to 0.1 hours. On July 7, 2010, counsel billed .2 hours for "[r]eview of e-file of pleading - Minute Entry of proceedings on 7/7/10." The undersigned finds that this amount should be reduced to 0.1 hours. Counsel also billed .2 hours for the following entry: 3/14/10 "reviewed and printed documents from PACER." Because counsel does not identify the documents he reviewed, the undersigned recommends reducing this time entry to 0.1 hours. On March 22, 2010, counsel billed 0.2 hours for "[r]eviewing email message." Counsel does not disclose who this email message was from or the content of the email. Accordingly, the undersigned will reduce this time entry to 0.1 hours. The time sheets submitted by counsel also contain what appears to be duplicate entries. On July 1, 2010, counsel billed for "[r]eview of PSI Report." On July 6, 2010, counsel billed for "[r]eview of PSI Report delivered to defense counsel today." Counsel does not state how the PSI report he reviewed on July 6, 2010 differs from the PSI report he reviewed on July 1, 2010. Accordingly, the undersigned will disallow the 0.2 hours billed on July 6, 2010 by counsel for reviewing the PSI report. The aforementioned reductions total $87.50 (0.7 hours at $125 an hour). The undersigned finds that the remaining charges in the voucher application are appropriate.

  Although this matter appears to be a simple re-entry after deportation case, several factors contributed to increased attorney's fees. Counsel has advised the undersigned that the defendant demanded to meet and consult with counsel on a regular basis. Counsel also had to address a related supervised release violation and facilitate its transfer from Judge Hurley to Judge Huck. This case involved two changes in prosecutors and an attempt by the defendant to benefit from cooperating with the

government. Counsel also investigated circumstances which would mitigate the defendant's sentence. In the instant case, the defendant faced a 20-year statutory maximum. His guideline range was 30 to 37 months plus consecutive time for the supervised release violation. The defendant was sentenced to 24 months imprisonment, three years of supervised release and a $100 special assessment. The defendant was also sentenced to a term of 6 months imprisonment for his supervised release violation to run concurrent with the aforementioned 24-month sentence. In light of these circumstances, the undersigned finds that the amount charged by counsel, with the aforementioned reductions, is a reasonable amount.

In considering awards to counsel under the CJA, courts have long recognized that there is an inherent tension between the policies underlying the CJA: "[o]n the one hand, representing indigent defendants is a form of public service; thus, the [CJA] was never intended to provide full compensation for an attorney's services or to provide fees equal to those charged in private practice. . . . On the other hand, the Act was also intended to provide indigent defendants with meaningful representation by competent counsel." United States v. Mukhtaar, No. 06 Cr 31 (SWK), 2008 WL 2151798, at * 2 (S.D. N.Y. May 21, 2008) (citations omitted). As other courts have explained, the CJA "was intended to partially alleviate the financial burden associated with provision of these services which had been traditionally provided pro bono. The spirit of the statute is lost once the CJA representation of indigent defendants loses its essentially pro bono nature." United States v. Diaz, 802 F. Supp. 304, 307 (C.D. Cal. 1992) (quoting United States v. Carnevale, 624 F. Supp. 381, 383 (D. R.I. 1985)). In considering these principles with respect to the instant case, the undersigned concludes that an award of

$7,512.50 for out-of-court hours is reasonable.

## Expenses

Counsel seeks $250.00 in "Travel Expenses" for parking fees and mileage. The CJA administrator reduced this amount to $248.00 because one of the parking fees was actually $7.00 and counsel inadvertently sought reimbursement for $9.00. The undersigned approves the amount of $248.00 for "Travel Expenses" as reasonable.

## **CONCLUSION**

In sum, based upon the undersigned's review of the voucher, having personally reviewed the time sheets and the case record as it relates to counsel's voucher and having received a memorandum of explanation from counsel, the undersigned RECOMMENDS that counsel be paid a total of **$8,123.00** ($362.50 for in-court hours, $7,512.50 for out-of-court hours and $248.00 for travel expenses) as fair and final compensation for his work on this case.

In accordance with 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Paul C. Huck, United States District Judge.

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this **6th** day of October, 2010.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Huck
Counsel of record

8